**MEI QING CHEN, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

**No. 04–0951–CV.**

United States Court of Appeals, Second Circuit.

March 30, 2006.

Mei Qing Chen, New York, NY, for Petitioner, pro se.

Peter A. Norling, Susan Corkery, Assistant United States Attorneys, Of Counsel, for Roslynn R. Mauskopf, United States Attorney, Eastern District of New York, Brooklyn, NY, for Respondent.

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft.

PRESENT: Hon. JOSEPH M. MCLAUGHLIN, Hon. B.D. PARKER, Circuit Judges, and Hon. WILLIAM K. SESSIONS III,\*\* Chief District Judge.

**SUMMARY ORDER**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 30th day of March, two thousand and six.

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Appellant, Mei Qing Chen, *pro se*, petitions for review of the BIA's decision affirming the Immigration Judge's ("IJ") decision rejecting Chen's application for relief under Article 3 of the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms a decision of an IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir. 2004).

\*\* The Honorable William K. Sessions III, Chief United States District Court Judge for the District of Vermont, sitting by designation.

CAT relief requires the applicant to show that it is more likely than not that he or she would be tortured if returned to the country of removal. *See* 8 C.F.R. §§ 208.16(c), 208.17; *see also Ramsameachire v. Ashcroft,* 357 F.3d 169, 184 (2d Cir.2004); *Khouzam v. Ashcroft,* 361 F.3d 161, 168 (2d Cir.2004). To make this assessment, all evidence regarding the possibility of future torture shall be considered, including, but not limited to: (1) evidence of past torture suffered by petitioner; (2) evidence that petitioner could relocate to a part of the country of removal where it is not likely he or she will be tortured; (3) evidence of gross, flagrant or mass human rights violations within the country of removal; and (4) other relevant country conditions information. *See Islami v. Gonzales,* 412 F.3d 391 (2d Cir.2005); 8 C.F.R. § 1208.16(c)(3).

Here, the IJ properly concluded that Chen had failed to meet her burden. The CAT defines torture as "any act by which severe pain or suffering ... is intentionally inflicted on a person ..., when [it] is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 134 (2d Cir.2003) (citation omitted). Moreover, torture "does not include pain or suffering arising only from, inherent in or incidental to lawful sanctions." *Id.* (citation omitted). While Chen presented evidence indicating that returning Chinese nationals who illegally left China face fines and detention, Chen has in no way established that someone in her situation will more likely than not be tortured upon returning to China. The IJ reached the only conclusion possible, that Chen may be fined or detained, and that in detention she may face mistreatment. This, however, does not constitute torture. *See Khouzam,* 361 F.3d at 168; *Mu–Xing Wang,* 320 F.3d at 144. Chen has clearly failed to "establish that there is greater than a fifty percent chance (i.e. that it is 'more likely than not') that [s]he will be tortured upon return to [China]." *Mu–Xing Wang,* 320 F.3d at 144 n. 20; *see Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 160 (2d Cir.2005) (explaining that a petitioner is not entitled to CAT relief based solely on the fact that he or she is part of a large class of persons who have illegally departed China).

Lastly, this Court may not consider the allegations Chen raises in the "Detailed Statement of Petitioner." Exhaustion of administrative remedies is statutorily required for aliens challenging final orders of removal, 8 U.S.C. § 1252(d)(1), and requires exhaustion of bases for relief and issues. *See Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005). Chen has not raised the claims presented in the "Detailed Statement of Petitioner" before the IJ or the BIA. Consequently, the additional claims may not be addressed by this Court.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot.